## SUPREME COURT.

### BUDDINGTON agt. DAVIS AND OTHERS.

The plaintiff charges the defendants with maliciously publishing a *libel*. The defendants 1st, deny the charge. 2d. *If the same was published by them*, it *was true*. 3d. If the same was published by them *it was privileged*.

To the 2d and 3d grounds of defence, the plaintiff demurs. *Held*, that the 2d defence can not be sustained. because it is not a statement of any new matter constituting a defence, nor does it confess and avoid the charge (*see Code*, § 149, *sub*. 2). It is nothing more nor less than a *conditional* defence.

Also *held*, that the 3d ground of defence is defective, because its allegations are not only *conditional*, but if properly averred would not *per se* constitute a defence. For a *privileged* communication may be libelous as well as any other. It depends upon the proof of malice. Where it is not privileged malice is presumed.

(*This agrees with Graham agt. Stone, ante* 15; *Lewis agt. Kendall, ante* 59; *Sayles agt. Wooden, ante* 84; *Anibal agt. Hunter, ante* 255; *Purdy agt. Carpenter, ante* 361; *Brown agt. Orvis. ante* 376.)

*Ulster Special Term, May* 1851. *Demurrer to defendants'* *answer*. The action was brought for a libel. The publication containing the alleged libel, consisted of a communication signed by the defendants, and addressed to the Postmaster General, asking for the removal of William Grant from the office of postmaster at Rosendale, and alleging, as the ground of such application, that the business of the office had been entrusted to the plaintiff, as deputy and that he was a man of intemperate habits, &c. The defendants, in their answer, first deny all the material allegations in the complaint. They then say that *if they ever signed or published* the alleged libel, "*the same was in each* and every allegation, and in each and every part thereof correct and true. They then say, as a third ground of defence, that *if the same was ever subscribed and published by them*, it was a petition addressed to the Postmaster General for the removal of Grant on account of the acts, conduct and character of the plaintiff, and it was therefore a privileged communication. To the second and third defences the plaintiff demurred, stating grounds of demurrer, which are sufficiently noticed in the opinion below.

E. COOKE, *for Plaintiff*.

T. R. WESTBROOK, *for Defendants*.

31

Buddington agt. Davis and others.

Harris, Justice.—The *principles* of pleading, whatever the system, are always the same. Its office is, to present the cause of action on one side, and a defence on the other. This is not less true under our present system, than it was under the former. Names are changed—useless forms and technical rules are abolished, but the principles remain unchanged. What now is a good answer, would before have constituted a good plea in bar. Each, the answer as well as the plea in bar, must present matter which furnishes a conclusive answer to the cause of action alleged in the complaint or declaration. A plea in bar must either *deny* the facts stated in the declaration, or it must *confess and avoid them.* So, under the present practice, the answer must either *controvert* some allegation material to the cause of action, or state some new matter, which, admitting the allegations of the complaint to be true, will *constitute a defence.* In other words, it must *traverse or deny* the matter of the complaint, or it must *confess and avoid it.* In the latter class of pleadings, whether under the Code, or at common law, *confession* is an element as essential as *avoidance.* There must be an *express* or *implied* admission that the allegations constituting the cause of action are true, with a statement of matter which destroys their effect. " The plea," says Chitty ( 1 *Chitty's Pl.* 527), " must give *color* to the plaintiff, that is, it must give him credit for having an apparent or *prima facie* right of action, independently of the matter disclosed in the plea to destroy it. So must the answer. The defendant may now, as before, set forth as many defences as he may have. But each defence must be separately stated. He may, in a case like this, deny any or all the allegations of the complaint. He may then by a separate statement in the same answer, allege the truth of the statements contained in the libelous publication. And then again, if such an allegation will constitute a defence, he may state as a third defence, that the publication was privileged; but he can not in the *same defence* deny the allegations of the complaint, and set up new matter to avoid their effect. When the defence consists in the statement of new matter it must, at least, admit the apparent truth of the allegations it would answer.

Let us apply these principles to the case in hand. The de-

fendants say, in the first place, that they are not guilty as is charged in the complaint.   This, of course, is a good defence; it puts the plaintiff upon the proof of his cause of action.   Then they say, as a second defence, "if we have made the alleged publication, we have published no more than the truth."   This is not a defence; it is not "a statement of any new matter constituting a defence."   The defendants merely say, "if it shall be proved that we have published the alleged libel, then we say that we have published nothing more than the truth, but if that shall not be proved, then we say no such thing."   Such a *de bene esse* defence can not be sustained.   The defendants must in this branch of their defence admit, at least impliedly, "the apparent truth" of the complaint, and then state, in the manner prescribed in the *second* subdivision of the 149th section of the Code, such facts as, if true, will constitute a defence.   This they have not done, and this part of the answer must, therefore, be held to be insufficient.

The third defence is still more defective.   Its allegations are not only made *conditionally*, but the facts thus alleged, if they had been properly averred would not *per se* have constituted a defence.   These facts show, perhaps, that the communication was privileged.   But a privileged communication may be libelous as well as any other.   The only difference between a privileged communication containing libelous matter, and one not privileged, consists in the proof necessary to sustain the action.   When the communication is not privileged, malice need not be proved.   It will be inferred from the slanderous character of the imputations.   But when the communication is privileged, good faith will be presumed, and the plaintiff, before he can recover, must show not only the publication, but that the defendant in making it was governed by bad motives; that he embraced the occasion when he might make a privileged communication, to injure the plaintiff.   In this case, the plaintiff charges the defendants with having made the publication "maliciously, and with intent to injure and defame the plaintiff."   If this allegation should be established, then it is no defence to show that the communication was privileged.   All that the defendants could do to avail themselves of this ground of defence was to put in issue the

allegation of malice in the complaint, and then, if upon the trial it should appear that the communication was privileged, the plaintiff before he would be entitled to a verdict, would be obliged to satisfy the jury that the defendants in making the communi·cation, acted in bad faith and with malicious motives. The plaintiff is entitled to judgment upon the demurrer, but the defendants are to be at liberty to amend in twenty days upon payment of costs.