FRANCENIA · LANPHER, Respondent, *v.* JACKSON CLARK, Appellant.

1. SLANDER — PLEADING — JUSTIFICATION. The rule of pleading, that the justification in an action of slander shall be as broad as the charge, does not mean that an answer in justification must be broad enough to embrace every slanderous charge stated in the complaint. When several separate and distinct things are charged, the defendant may justify as to one, though he fail as to the others.

2. ANSWER — JUSTIFICATION OF CHARGE OF KEEPING A DISORDERLY HOUSE. When a complaint for slander alleges, among other distinct charges uttered by the defendant, the separate charge that the plaintiff kept a disorderly house, an answer which undertakes to justify that charge is sufficient for that purpose when it contains all the material facts which it would be necessary to allege· in an indictment for that offense.

3. EVIDENCE — PROOF OF SPECIFIC ACTS IN SUPPORT OF JUSTIFICATION OF CHARGE OF KEEPING A DISORDERLY HOUSE. When the answer to the complaint of a woman for slander, alleging, among other distinct and separate charges, that the defendant had charged her with keeping a disorderly house, sets up a justification to that charge, the defendant is entitled to give, in support of such justification, proof of specific acts of lewdness or immorality on the part of the plaintiff, tending to show that her house was in fact disorderly; and this is so, although the answer may not be sufficient to admit proof of specific acts in mitigation, under section 536 of the Code of Civil Procedure.

*Lanpher* v. *Clark*, 77 Hun, 506, reversed.

(Argued April 22, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 24, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action of slander.

The facts, so far as material, are stated in the opinion.

*D. F. Searle* for appellant. The evidence tending to support defendant's answer should have been received in justifi-

cation and mitigation. (*Knapp* v. *Roche*, 94 N. Y. 329;
*Bissell* v. *Cornell*, 24 Wend. 354; *McKane* v. *Brooklyn
Citizen*, 53 Hun, 132; Penal Code, § 322; Code Crim. Proc.
§§ 275, 899; *People* v. *Hulett*, 39 N. Y. S. R. 646; *People*
v. *Wallach*, 39 N. Y. S. R. 531; *Barnesciotta* v. *People*, 10
Hun, 137; *Jacobowsky* v. *People*, 6 Hun, 524; 1 Russell on
Crimes [2d ed.], 326; Roscoe's Criminal Ev. [7th ed.] 801;
Wharton's Criminal Ev. [8th ed.] § 261; Archibold's Crim-
inal Pr. 1768; Code Civ. Proc. §§ 500, 519; *Wooden* v.
*Strew*, 10 How. Pr. 48; *Badeau* v. *Niles*, 9 Abb. [N.
C.] 48; *Prickhardt* v. *Robertson*, 4 Civ. Proc. Rep. 112;
*Rochester R. Co.* v. *Robinson*, 133 N. Y. 242.) Evi-
dence of plaintiff's general bad character should have been
received. (*Anonymous*, 8 How. Pr. 434; *Hamer* v. *McFar-
lin*, 4 Den. 509; *Richardson* v. *Northrup*, 56 Barb. 105;
*Wright* v. *Paige*, 3 Keyes, 581.) The testimony of wit-
nesses on plaintiff's behalf as to her reputation at the time of
the trial should have been excluded. (*Douglass* v. *Tousey*,
2 Wend. 352; *Titus* v. *Sumner*, 44 N. Y. 266; *Houghtal-
ing* v. *Kelderhouse*, 2 Barb. 149; 1 N. Y. 530; *Carlson* v.
*Winterson*, 147 N. Y. 652; *Wilmot* v. *Richardson*, 6 Duer,
328; *Curtis* v. *Fay*, 37 Barb. 64, 69; *Cherritree* v. *Rognen*,
67 Barb. 124; *Ayers* v. *Duprey*, 27 Tex. 523; 136 Mass.
158; 58 Iowa, 632; 59 N. H. 396; Best on Ev. § 260.)
Evidence that defendant's witnesses had personal knowledge
of plaintiff's bad character should have been received.
(*Graves* v. *Gilchrist*, 29 N. Y. S. R. 638.) The defendant
should have been permitted to show acts of provocation.
(*Richardson* v. *Northrup*, 56 Barb. 105; *Powers* v. *Press-
groves*, 38 Miss. 227; *Hinman* v. *Hare*, 104 N. Y. 641.)
The evidence given by plaintiff as to her dealings with
defendant, and the absence of any difficulty between them,
should have been excluded, or else evidence upon the same
subjects offered by defendant should have been received.
(*Hinman* v. *Hare*, 104 N. Y. 641; *F. B. N. Co.* v. *Mackey*,
83 Hun, 511.)

*Howard C. Wiggins* for respondent. The defendant's answer was insufficient to permit proof of specific acts either in justification or mitigation. (*Spooner* v. *Keeler*, 51 N. Y. 527; *Wachter* v. *Quenzer*, 29 N. Y. 547; *Kingsley* v. *Kingsley*, 79 Hun, 569; *Feely* v. *Jones*, 79 Hun, 18; *Hathorn* v. *C. S. Co.*, 44 Hun, 608; *Tilson* v. *Clark*, 45 Barb. 178; Code Civ. Proc. § 508; *Sawyer* v. *Bennett*, 49 N. Y. S. R. 774; *Thompson* v. *Halbert*, 109 N. Y. 329; *McKane* v. *Brooklyn Citizen*, 53 Hun, 132; *Knox* v. *Commercial Agency*, 40 Hun, 508.) The testimony of plaintiff's witness to sustain her character was properly received. (*Graves* v. *Gilchrist*, 29 N. Y. S. R. 639.) Facts tending to show provocation are only competent in mitigation, and not having been specially pleaded were properly excluded. (*Richardson* v. *Northrup*, 56 Barb. 105; *Hinman* v. *Hare*, 5 N. Y. S. R 504; *Gall* v. *Gall*, 114 N. Y. 109; *Holmes* v. *Moffat*, 120 N. Y. 159.)

O'Brien, J. The·complaint in this action sets forth six separate and distinct defamatory charges involving crime or acts of moral turpitude, which it is alleged that the defendant, at different times, published of and concerning the plaintiff. At the time of the speaking of the alleged slanderous words stated in the complaint the plaintiff was engaged in keeping a country hotel, and she avers that the defamatory charges were directed by the defendant, not only against her personally, but against her business and the reputation of her hotel as well.

One or more of the separate charges set forth in the complaint, as having been made and published by the defendant of and concerning the plaintiff, were that she kept a disorderly house and a place not fit for decent people. The defendant, in his answer, attempted to justify this charge in the following language: "Said defendant, for a second and further answer and defense, alleges upon information and belief, and by way of mitigation alleges herein, that the house known as the 'Lanpher House' at Delta is and was kept and run as a

disorderly house; that it was the place wherein immoral per-
sons for immoral purposes congregated, and where conspira-
cies were formed to injure this defendant, and it was from
said hotel that they started to carry out said conspiracies so
formed; that said house, hotel and place, as defendant alleges
upon information and belief to be, was a place where lewd and
immoral people congregated, and that the plaintiff herself is a
lewd, unchaste, boisterous, immoral woman, and has con-
ducted and run the hotel in an improper and disorderly man-
ner; that upon the trial of this cause the defendant will give
evidence of the facts and circumstances, as alleged in the
second count of this answer, by way of mitigation or justifica-
tion of the things, allegations and charges made in said plain-
tiff's complaint."

On the trial the defendant offered to prove various specific
acts of lewdness, immoral and improper conduct on the part
of the plaintiff in the hotel at or about the time of making
the alleged defamatory charges. The evidence was objected
to by the plaintiff's counsel as incompetent, excluded by the
court, and defendant's counsel excepted. This ruling was
based upon the state of the pleadings at the trial, the court
holding that since the justification pleaded was not as broad as
the charge, the defendant was entitled to prove in mitigation,
only such specific acts of misconduct as had been specially
pleaded. The defendant did not attempt to justify the six
separate defamatory charges alleged in the complaint. But
the rule of pleading that the justification shall be as broad as
the charge, does not mean that an answer in justification must
be broad enough to embrace every slanderous charge stated
in the complaint. When several separate and distinct things
are charged, the defendant may justify as to one, though he
fail as to the others. (*Fero* v. *Ruscoe*, 4 N. Y. 162; *Holmes*
v. *Jones*, 121 N. Y. 461.) In this case the plaintiff had
alleged that the defendant falsely and maliciously spoke and
published of and concerning her personally, and of and con-
cerning her place of business, that she kept a disorderly house.
It is true, according to the allegations of the complaint, that

he also charged her with many other things, but the charge of keeping a disorderly house was distinct and separate from all the rest, and the defendant was entitled to justify that charge if he could, though he failed as to all the rest. When the defamatory charge imputes to the plaintiff two or more separate and distinct offenses as larceny and perjury, the rule that the justification must be as broad as the charge, means that it shall be full and complete as to at least one of the charges separately and distinctly made and alleged.

We think that the answer in this case was sufficient as a justification of the charge that the plaintiff kept a disorderly house. It contains all the material facts which it would be necessary to allege in an indictment for that offense under the present system of criminal pleading.

The defendant had the right, therefore, to prove if he could that the house kept by the plaintiff was in fact a disorderly house, and on this branch of his case several modes of proof were open to him. He could show what the general reputation of the house was, and the general reputation of the inmates or persons who resorted to the house, and any specific acts of lewdness on the part of the plaintiff who kept it and had charge of it or such specific acts of immorality and impropriety on her part as to furnish a reasonable inference as to the real character of the place.

In fine, the defendant, under his justification, could give any proof that would have been admissible upon an indictment against the plaintiff for keeping a disorderly house, and, therefore, specific acts of lewdness or immorality on the part of the mistress of the house were admissible. They tended to show that the house was in fact disorderly, and to that extent to support the defendant's justification.

Under § 536 of the Code of Civil Procedure, a defendant in an action of this character may prove at the trial, or upon a reference or inquiry to ascertain damages in case of default, any fact, not amounting to a total defense, tending to mitigate or reduce the damages, if they are set forth in the answer, either with or without one or more defenses to the

entire cause of action when a defense is interposed or without any statement in case of default. The learned trial judge held that the defendant's answer was not sufficient to admit proof of specific acts in mitigation. In this respect we think the learned judge was correct. The error in the ruling consisted in assuming that the justification, in order to be available to the defendant, must be broad enough to cover each and every distinct charge contained in the complaint, whereas it was good if it covered any one of them. The defendant's justification of the charge that the plaintiff kept a disorderly house could be supported by proof of specific acts of misconduct on her part, and hence the ruling at the trial excluding such proof offered by the defendant was erroneous.

The judgment should be reversed and a new trial granted, costs to abide the event.

ANDREWS, Ch. J., BARTLETT and HAIGHT, JJ., concur; GRAY and VANN, JJ., not voting; MARTIN, J., not sitting.

Judgment reversed.