## LAPETINA v. SANTANGELO.

(Supreme Court, Appellate Division, Second Department.   February 28. 1908.)

1. LIBEL—PLEADING—JUSTIFICATION — SUFFICIENCY OF DEFENSE — CONSTRUCTION.

In a libel suit, brought for publishing a letter charging plaintiff's dishonesty in two transactions, a plea "further answering the complaint, and in justification," which alleges matter in justification of the charge that plaintiff was dishonest in one of the transactions, is bad, since it is not broad enough to be a complete defense; and, where facts are not expressly pleaded as a partial defense, the plea must be tested on demurrer as if given in complete defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 219–226.]

2. SAME—ACTIONS—PLEADING—PLEA OF QUALIFIED PRIVILEGE.

A defense in a libel suit that defendant wrote the libelous letter to his attorney in connection with his professional services rendered defendant, and that the communication was privileged as between attorney and client, is a plea of qualified privilege.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 131–143, 218.]

3. Same—Questions of Bona Fides—Belief—Actual Malice.

Though the court holds that prima facie an alleged libelous publication is privileged, the questions of bona fides, belief, and of actual malice remain to be determined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 149, 150.]

4. Same—Pleading—Plea of Qualified Privilege—Sufficiency.

Where a complaint in a libel suit avers that a libelous letter was false and malicious, a plea of qualified privilege, to be in proper form, should deny those allegations, though, if the letter were absolutely privileged, the plea might be sustained, though not denying them, since in that case the falsity of the letter and defendant's malice could not be drawn in question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 218.]

Appeal from Special Term, Kings County.

Libel action by R. Louis Lapetina against Raffaelo Santangelo. From a judgment overruling plaintiff's demurrers to certain defenses, he appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

William McArthur, for appellant.
Robert B. Knowles, for respondent.

JENKS, J. This is an appeal from an interlocutory judgment overruling the plaintiff's demurrers in an action for libel. The demurrers are to the first further defense in alleged justification, the second further defense in alleged justification and to the third and separate defense. The ground as to all is insufficiency in law upon the face. The alleged libel was the writing and publishing of the following letter, sent to Charles Oechler, Esq., an attorney at law:

"Your kind letter received. I am obliged write to you in this manner. If I have sent Mr. Knowles last evening in your office the reason was that I have know after the Hackensack's case Lapetina. Lapetina now is for me a dishonest man. I have received from you two receipts one of five dollars and other of ten dollars. When I came in your respectable office Lapetina asked me ten dollars, I had in my pocket eight dollars only, Lapetina told me all right Mr. Santangelo, this evening I will see you in your drug store, I will bring the receipt and you shall give me ten dollars. The evening he came I gave him the money. Now Lapetina refuce five dollars. After your letter I am ready to brace Sicilian to break him the face to this ignorant stupid meddler man, I will cite him in the court to this quack."

The complaint shows that this letter referred to two transactions. The plea challenged by the first demurrer is thus introduced:

"Defendant, further answering the complaint, and in justification, states."

The matter thereof is in justification of the charge that the plaintiff was not honest in the Hackensack transaction. While the plea may pass as in justification, it is not broad enough to be a complete defense; indeed, it does not purport to be one. When the facts are not expressly pleaded as a partial defense, the plaintiff and the court upon demurrer must test the plea as if given in complete defense.

Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. Hence the plea is bad. For like reasons the plea attacked by the second demurrer is bad.

The third demurrer attacks a plea thus introduced:

"Defendant for a further and separate defense alleges:

"Twenty-Sixth. That heretofore, and in the Municipal Court of the City of New York, Borough of Brooklyn, the defendant herein and one John De La Tergo brought an action against Isabella Jaffe and Fannie Zatulove, in which said action the said Charles Oechler, the person to whom the letter attached to the complaint was written, appeared as attorney for this defendant, and in which said action the professional obligation referred to in the complaint was incurred by defendant.

"Twenty-Seventh. That this defendant communicated and wrote said letter to said Charles Oechler as attorney for this defendant and in connection with his professional services rendered to defendant in said action, and not otherwise; and the defendant claims that said communication to said Charles Oechler was privileged as between attorney and client, and related to matters wherein said Charles Oechler appeared as attorney for this defendant."

Referring to this plea, as we may do upon demurrer (Fry v. Bennett, 5 Sandf. 72), it is quite clear that it is one of qualified privilege—"prima facie" privilege, as it is often termed. Odger's Libel and Slander, c. 14; Newell's Slander and Libel, §§ 63 et seq. 92, 96, 106; Byam v. Collins, 111 N. Y. 143, 19 N. E. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726; Hill v. Durham House Drainage Co., 79 Hun, 335, 29 N. Y. Supp. 427. It falls within the condition well expressed by Baron Fitzpatrick, in Waring v. McCaldin, 7 Ir. R. C. L. 288, cited in Newell's Slander and Libel, § 106. It appears that the letter was elicited by a letter from the addressee. We cannot infer that it was directly responsive thereto; but we may infer that it was in explanation of the reason why the defendant had sent one lawyer to another, and that the reason was that the plaintiff, a lawyer, when in Mr. Oechler's office—associated with him, or in his employ—had not treated the writer honestly in certain business dealings. Even though the occasion should be held one of qualified or prima facie privilege, the questions of bona fides, belief, and of actual malice survive it. Klinck v. Colby, 46 N. Y. 427, 430, 7 Am. Rep. 360. The plaintiff's complaint expressly avers that the libel was false and malicious, and I think, then, that the defendant should have pleaded so as to meet these specific allegations and thus put in plea of qualified privilege in proper form. O'Donaghue v. McGovern, 23 Wend. 26; Buddington v. Davis, 6 How. Prac. 401. If the letter were absolutely privileged, then the plea might be sustained, for the reason that the law would not permit the plaintiff's plea of falsity and malice. Garr v. Selden, 4 N. Y. 94.

The interlocutory judgment is reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to plead over on payment of costs. All concur.