WILLIAM J. SCHIEFFELIN, Appellant, *v.* JOHN F. HYLAN, Respondent.

First Department, May 4, 1923.

**Libel — justification pleaded as complete defense will be stricken out when not as broad as charge.**

In an action for libel, a plea of justification which is pleaded as a complete defense, will be stricken out on motion by the plaintiff, where it is not as broad as the charge contained in the complaint.

APPEAL by the plaintiff, William J. Schieffelin, from so much of an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1922, as denies his motion to strike out the fourth defense in the third amended answer, made upon the ground that it is insufficient in law upon the face thereof.

*Seligsberg, Lewis & Rothschild [Walter H. Pollak* of counsel; *Clarence M. Lewis* and *Carol Weiss King* with him on the brief], for the appellant.

*George P. Nicholson*, Corporation Counsel [*Edmund L. Mooney* of counsel; *Terence Farley*, *William E. C. Mayer* and *Frank I. Tierney* with him on the brief], for the respondent.

CLARKE, P. J.:

This is an action for libel. The third amended answer, for a first separate and affirmative defense, claims an absolute privilege; for a second affirmative defense, claims a qualified privilege. The third separate and affirmative defense also alleges a qualified privilege. The fourth defense, which is here attacked, sets up justification. The fifth separate and partial defense sets up facts by way of mitigation. The fourth defense, namely, the one alleging justification, is attacked as insufficient in law because, although pleaded as a complete defense, it is not as broad as the charge.

In *Lapetina* v. *Santangelo* (124 App. Div. 519) the court held, when the facts are not expressly pleaded as a partial defense, that the plaintiff and the court upon demurrer must test the plea as if given in complete defense.

A bare inspection of the complaint and of the fourth defense demonstrates that the justification pleaded falls far short of being as broad as the charge. The learned court at Special Term relied upon *Lanpher* v. *Clark* (149 N. Y. 472). In that case the plaintiff in an action for slander had obtained a judgment upon the verdict of a jury at Trial Term which had been affirmed by the General Term. (77 Hun, 506.) The question under consideration by the Court of Appeals was upon the rejection of evidence offered by the defendant upon the trial and exceptions taken thereto. The answer in that case, " for a second and further answer and defense * * * and by way of mitigation," alleged that " upon the trial of this cause the defendant will give evidence of the facts and circumstances, as alleged in the second count of this answer, by way of mitigation or justification of the things, allegations and charges made in said plaintiff's complaint." Upon the question of pleading that case has been expressly distinguished in *Bingham* v. *Gaynor* (141 App. Div. 301; affd., 203 N. Y. 27). In the latter case at the Appellate Division Mr. Justice McLAUGHLIN said: " Neither of the defenses is pleaded as a partial defense; nor does either specify which of the causes of action

alleged it purports to answer. Upon demurrer, therefore, each must be treated as a complete defense to the entire complaint and its sufficiency determined when tested in that way. (*Thompson* v. *Halbert,* 109 N. Y. 329; *Lapetina* v. *Santangelo,* 124 App. Div. 519; *Price* v. *Derbyshire Coffee Co.,* 128 id. 472.)    *    *    *    It is fundamental that a plea in justification must be as broad as the charge. (*Xavier* v. *Oliver,* 80 App. Div. 292; *Young* v. *Fox,* 26 id. 261.) In determining what the charge is, the scope and object of the whole article must be considered, and such a construction put upon the language used as would naturally be given to it. (*More* v. *Bennett,* 48 N. Y. 472.) *    *    *    It is, however, urged by the respondent that if the defense is a complete justification of any of the libelous charges it is not demurrable. This is not a correct statement of the law, as I understand it. The justification must be as broad as the libel itself, that is, of all the libelous charges made. The authorities referred to (*Lanpher* v. *Clark,* 149 N. Y. 472; *Gressman* v. *Morning Journal Assn.,* 197 id. 474) and others, involved a question of proof and not pleading. It seems to me, therefore, that the answer does not justify, at least so far as the charges above specified are concerned, and if that be true, then a complete defense is not set forth. The plaintiff's demurrer to the second defense pleaded should have been sustained."

CHASE, J., in writing for affirmance in the Court of Appeals (203 N. Y. 27) said: " I concur in the result reached by the Appellate Division. I also concur in the opinion of that court as written by MCLAUGHLIN, J., except as it is qualified by what I shall say in this opinion." The qualifications which the learned judge referred to were in regard to the question of privilege of criticism of public officers, a question not involved in this case. He proceeded: " It is asserted that in the second defense there is a general statement that the allegations contained in the letter and in the interview are true, and that the defense may be sufficient as a justification by reason of such general allegation. A general allegation charging a person with something that is libelous *per se* cannot be successfully answered by a general allegation in the answer that the charge is true. [Citing *Wachter* v. *Quenzer,* 29 N. Y. 547.] *    *    *    The general charges in the letter and statement require a specific and not a general answer. The answer is in part specific, but it is not as broad as the charge, although the charge is considered as composed of the letter and of the interview as a whole, and it does not, therefore, constitute a complete defense of the causes of action set forth in the complaint."

As it seems to me, that is a precise ruling upon the question here involved. It follows, therefore, that the order appealed from should

be reversed, with ten dollars costs and disbursements, and the motion to strike out the fourth defense for insufficiency granted, with ten dollars costs.

SMITH, PAGE, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to strike out fourth defense granted, with ten dollars costs.