WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* JOHN F. HYLAN, Defendant.

Supreme Court, New York Special Term, June 23, 1925.

Pleadings — action for libel — motion by defendant for judgment on pleadings — Appellate Division decided on prior motion that defense of justification should be stricken out on ground that it was not as broad as charge — determination of Appellate Division in effect determined also that complaint is sufficient.

In an action for libel, a motion by the defendant for judgment on the pleadings must be denied, where it appears that on a prior motion by the plaintiff to strike out a defense of justification, the Appellate Division held that the defense should be stricken out on the ground that it was not as broad as the charge, for the effect of the decision by the Appellate Division is that the complaint states facts sufficient to constitute a cause of action.

MOTION by defendant for judgment on the pleadings in an action for libel.

*Engelhard, Pollak, Pitcher & Stern* [*Walter H. Pollak* and *Carol W. King* of counsel], for the plaintiff.

*George P. Nicholson* [*Edmund L. Mooney, William E. C. Mayer* and *Wilber W. Chambers* of counsel], for the defendant.

LEVY, J.:

This is a motion by the defendant for judgment on the pleadings in an action for libel, and I am thereby asked to determine the sufficiency of the complaint. The Appellate Division on a previous occasion has had the consideration of the pleadings in this issue before it in *Schieffelin* v. *Hylan* (205 App. Div. 360), which •was a motion to strike out the fourth separate defense of " justification." The court's ruling was as follows: " A bare inspection of the complaint and of the fourth defense demonstrates that the justification pleaded falls far short of being as broad as the charge."

In ordering this defense stricken out the court cited with approval the following language from *Bingham* v. *Gaynor* (141 App. Div. 301; affd., 203 N. Y. 27): " It is fundamental that a plea in justification must be as broad as the charge. (*Xavier* v. *Oliver*, 80 App. Div. 292; *Young* v. *Fox*, 26 id. 261.) In determining what the

charge is the scope and object of the whole article must be considered, and such a construction put upon the language used as would naturally be given to it."

A clear inference is, that the Appellate Division in passing upon the sufficiency of the defense must have considered " the scope and object of the whole article," the alleged libel, in determining what the charge is, in order to rule upon the sufficiency of the plea in justification.   If there was no libel there was no need for the court to decide that the specific defense falls short of being as broad as the charge.   There is no doubt in my mind, therefore, that when the Appellate Division struck out the separate defense of justification under the circumstances in which it did, it inferentially at least ruled that the complaint was sufficient in law. But from a strictly technical point of view, I must hold that the inference that it so ruled follows as a matter of law.   The motion to strike out the separate defense as insufficient in law is equivalent to the old demurrer to such a defense.   The rule that a demurrer, and, therefore, its present equivalent, searches the record must be deemed still to be in full effect.   (See *Delafield* v. *London & Lancashire Fire Ins. Co.*, 177 App. Div. 477, in which the plaintiff appealed from an order overruling his demurrer to defendant's separate defense, with the result, however, that the order was affirmed and the complaint dismissed.)   In the last cited case the court said:   " On a demurrer to an answer for insufficiency, the complaint may be attacked on the ground that it fails to state facts sufficient to constitute a cause of action."

This seems to confirm the view that the Appellate Division in " searching the record " on the motion to strike out the separate defense as insufficient and granting the application, of necessity found the complaint good, and this court now may not declare otherwise.   The motion must, therefore, be denied.   Settle order on notice.