The New York Society for the Suppression of Vice, Plaintiff, *v.* MacFadden Publications, Inc., and Another, Defendants.

Supreme Court, New York County, April 21, 1927.

Libel and slander — libel per se — action by corporation, not organized for profit, for damages predicated on alleged libelous statements appearing in defendants' newspaper — said corporation may maintain action without alleging and proving special damages — plaintiff's business is enforcement of laws for suppression of obscene literature — statement to effect plaintiff split 50–50 on fines collected through enforcement of laws attacks plaintiff's business and is libelous per se — publication based on bill introduced in Legislature is not privileged.

A corporation, although not organized for profit, may maintain an action for libel without proof of special damages if the publication complained of is defamatory and directly affects its credit or management.

Accordingly, the complaint in this action by plaintiff, a corporation organized for the enforcement of the laws for the suppression of trade in obscene literature, states a cause of action for libel, which alleges the publication in defendants' newspaper of statements to the effect that plaintiff split 50-50 on fines collected through its instrumentality and that it " engineered " the commission of crime in order to profit financially from the fines imposed, and that by reason of said publication plaintiff has suffered pecuniary injury.  Said statements are libelous *per se*, since they are a direct attack on the business methods of the plaintiff's business and particularly affect its credit in the management of its business, necessarily causing pecuniary loss.

The mere fact that plaintiff is not organized for profit does not mean that it cannot suffer pecuniary loss, since, as a result of the articles complained of, it might well follow that the public would cease to contribute to its support.  Under the circumstances, plaintiff, in order to maintain this action, need not allege or prove special damage.

The fact that the articles complained of were predicated upon a bill introduced in the Legislature to repeal the act incorporating the plaintiff, did not justify the publication of the statements on the ground of privilege, since the mere introduction of a bill is not the report of any speech on the floor of the Legislature, nor is it a criticism in good faith of the management of the corporation.

Motion to dismiss complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Martin Conboy,* for the plaintiff.

*Joseph Schults,* for the defendants.

Peters, J.  Plaintiff brings this action against defendants for damages alleged to have been suffered by it as a result of alleged libelous statements appearing in two issues of an evening paper issued by the defendant corporation.  In the afternoon edition of the paper in question appearing on February 9, 1927, there appeared the headlines in large type at the top of the front page the following: " Doom Reformers.  Sumner Society's 50–50 Split on Vice Fines Exposed.  State Bill to End Purity Farce."  Above a photograph of plaintiff's secretary appears in large type " Fifty-Fifty on Vice Fines His Privilege."  The article begins: " The New York Society For Suppression of Vice, whose activities have been directed by John S. Sumner, its secretary, and which has had the rich *privilege* of splitting fifty-fifty on all fines collected through its instrumentality will have to fight for its very existence before the New York State Legislature.  This bomb shell, which reveals the astounding fifty-fifty split privileges on the fines *brought about by this organization* of socalled reformers, broke today in the lower house * * *."  Then follows a sub-title in large type " Fifty-Fifty Split Surprising."  The next paragraph reads: " The news that Sumner's Society has a fifty-fifty *privilege* on all of the fines it *engineers* was received by members of the Assembly today by surprise and indignation."  Another sub-title reads:

"Feeds on Fifty-Four Year Old Law." Other sub-titles in large type read: "Vicious Powers Revealed" and "That Fifty-Fifty Split." The concluding paragraph reads in part: "Tomorrow the * * * will reveal how Secretary Sumner's Society for Suppression of Vice *goes about its work to secure* fines for the fifty-fifty split *privilege.* The case to be revealed tomorrow is typical and shows how a good storekeeper was *importuned to commit a crime* according to the Act on which Sumner's Society *feeds.*" In large type at the top of the second page there appears the following: "The Split that Spells Spondulix for Sumner's Society. * * * 'One-half the fines collected through the instrumentality of this society or of its agents, for the violations of the laws in this Act specified shall accrue to its benefit.' This is the fifty-fifty split privilege on all fines *engineered* by the New York Society for Suppression of Vice * * *." The matter in italics is claimed by plaintiff to be libelous *per se.* A similar article was carried in the final edition of the same paper. A cause of action based on each publication is set up in the complaint. The motion is based on three propositions: (1) That the plaintiff not being organized for profit cannot maintain an action for libel without alleging special damages; (2) that the alleged libel is not libelous *per se,* and (3) that the article alleged is absolutely privileged. The plaintiff was incorporated by chapter 527 of the Laws of 1873 which provides, among other things: "The object of this society shall be the enforcement of the laws for the suppression of the trade in and circulation of obscene literature, and illustrations, advertisements and articles of indecent and immoral use, as it is or may be forbidden by the laws of the State of New York, or of the United States." By section 7 of the act one-half of the fines collected through the instrumentality of plaintiff or of its agents for the violation of the laws specified in the act was to accrue to its benefit. By chapter 777 of the Laws of 1873, however, one-half of all fines collected in New York county for violation of such laws was to be paid to the Female Guardian Society and the other half to the Prison Association of New York, so that since that time the plaintiff has had no interest in the fines collected through its instrumentality.

The first claim of the defendants is to the effect that the plaintiff not being organized for profit cannot suffer any pecuniary loss, and, therefore, is not entitled, in the absence of allegations of special damage, to maintain an action to recover damages for libel. This question does not seem to have been passed upon by the Court of Appeals of this State. Defendants rely in large part upon the decision of the Appellate Division in *Electrical Board of*

*Trade of New York, Inc.,* v. *Sheehan* (214 App. Div. 712; 210 N. Y. Supp. 127), affirming, without opinion, a judgment dismissing a complaint. The opinion of the court at Special Term shows that the plaintiff was a domestic membership corporation. The court below said (210 N. Y. Supp. 128): " Here the plaintiff did not engage in business, and under section 2 of the Membership Corporations Law, as amended by Laws 1914, c. 167, could not. It therefore had no credit which could be affected; neither could it suffer pecuniary loss within the meaning of the authorities."

In the case at bar, however, the plaintiff is not a membership corporation but is a corporation organized by an act of the Legislature itself for a specific purpose or business. The purpose of the plaintiff as set forth in its act of incorporation is the enforcement of the laws for the suppression of an illegitimate trade. Plaintiff was incorporated to carry on this business. In section 3, subdivision 10, of the General Corporation Law it expressly provides: " The term ' business of a corporation,' when used with reference to a non-stock corporation, includes the operations for the conduct of which it is incorporated."

The right of the plaintiff to maintain an action for libel would seem to come squarely within the reasoning of the Court of Appeals in its opinions in *First National Bank* v. *Winters* (225 N. Y. 47) and *Norske Ameriekalinje* v. *Sun Printing & Pub. Assn.* (226 id. 1). In the first of these cases (at p. 52) the court said: " The same rule is applicable to a corporation as to individuals. Where the latter may recover without proof of special damage, a corporation may also. Does the publication tend to blacken its reputation and to bring upon it hatred, ridicule or contempt? It is true that many statements that might harm an individual would not harm a corporation. A corporation has no personal reputation. But other charges would affect it equally with an individual. A charge of insolvency — for instance, or that its business was carried on dishonestly. And so it may be stated as a general rule that a corporation may maintain an action for libel without proof of special damage if the charge is defamatory and injuriously and directly affects its credit or the management of its business and necessarily causes pecuniary loss. (*New York Bureau of Information* v. *Ridgway-Thayer Company,* 119 App. Div. 339, 342; reversed on dissenting opinion, 193 N. Y. 666; *Reporters' Association of America* v. *Sun Printing & Publishing Assn.,* 186 N. Y. 437.) "

The court further said: " To say of a bank that it violates the excise law to protect its securities, or burns a building upon which it holds insurance, is a direct attack on its business methods. If believed such charges necessarily destroy public confidence in its

integrity and injure its credit. They affect the corporation as directly as charges of dishonorable conduct in business would affect an individual."

In the second case just cited the court said (226 N. Y. 6): " It is now well settled in this State that a corporation may be the subject of an article which is libelous *per se.* Its ' right to be protected against false and malicious statements, affecting its credit, or property, should be beyond question. There has been some dispute in the cases as to the necessity of setting out the specific damage, which a corporation claims to have suffered from a libelous publication; ' but the better rule is ' that such an averment is not necessary, when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury.' (*Reporters Assn. of America* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437, 440.) And again in *Union Associated Press* v. *Heath* (49 App. Div. 247, 253), cited with approval in the foregoing case, it is said: ' It is now settled   *   *   * that a corporation engaged in business may maintain an action for libel without proof of special damage where the language used concerning it is defamatory in itself and injuriously and directly affects its credit and necessarily and directly occasions pecuniary injury.' (See, also, *N. Y. Bureau of Information* v. *Ridgway-Thayer Company,* 119 App. Div. 339, 342; reversed on dissenting opinion of Ingraham, J., 193 N. Y. 666.) "

The complaint alleges that " plaintiff has been and is dependent upon voluntary contributions for its support and to enable it to carry out the purposes of its incorporation   *   *   * and the only income of the plaintiff has consisted and consists of such voluntary contributions and the avails from moneys previously contributed. That such contributions have been and are solicited upon the representation that the corporation is so supported. That the prosperity and usefulness of said plaintiff depend upon its enjoying an unsullied reputation for disinterested public service uninfluenced by selfish motives or the expectation of pecuniary benefit or reward." It does not follow that because the plaintiff is not engaged in business for profit it cannot suffer pecuniary loss. As a result of the articles complained of it might well follow that the public would cease to contribute to the support of the plaintiff which would not only mean a pecuniary loss to it but would mean that it would have to go out of business, for it has no other source of income.

The rule laid down in the case of *First National Bank* v. *Winters* (*supra*) is "that a corporation may maintain an action for libel without proof of special damage if the charge is defamatory and injuriously

and directly affects its credit or the management of its business and necessarily causes pecuniary loss." Here the charges are defamatory and must affect the credit of the plaintiff. It is true that a mercantile corporation is able to borrow money upon its credit, that is, its integrity and good repute, but none the less the plaintiff secures its money upon its credit, not by borrowing the money, but by having the money given to it outright as contributions. It is this credit which the law protects against libelous statements. In the case being discussed the court said that a statement that the bank burns the building upon which it holds insurance is a direct attack on its business methods; that if believed such charges necessarily destroy public confidence in its integrity and injure its credit. So here, the statements in question are a direct attack on the business methods of the plaintiff and if believed would necessarily destroy public confidence in its integrity, injure its credit, cause a pecuniary loss and perhaps force it to suspend its business through lack of funds.

To hold with defendants in this contention would be to hold that no charitable, religious or similar corporation could maintain an action for libel no matter how defamatory the charges might be and no matter how large the pecuniary loss to the corporation might be through the stopping of contributions, and the consequent stopping of the work of the corporation. Libelous charges could be made against the management of a hospital corporation which would have the effect of stopping all contributions, causing the corporation to entirely cease its worthy work, and yet according to the argument of the defendants because it is not in business for profit it cannot suffer pecuniary loss and cannot, therefore, maintain an action for libel. The mere statement of the facts makes apparent the error of the contention. In the case at bar, plaintiff specifically alleges that by reason of the alleged libels it has suffered specific pecuniary injury.

The following language of the Supreme Judicial Court of Massachusetts in *Finnish Temperance Soc.* v. *Socialistic Pub. Co.* (238 Mass. 345) states concisely the results which would ensue if the courts were unable to protect from libelous statements a corporation not organized for profit. In that case the court said (238 Mass. 354, 355): " If benevolent, charitable and religious corporations have no reputation which can be impaired or destroyed by libel unless special damages in some form appear, then an incorporated society supported by an endowment for the purpose of, and engaged in, the maintenance of religious worship, may easily become the prey of the libeller, who remains immune, because not being connected with mercantile transactions of monetary

Supreme Court, April, 1927.                    [Vol. 129

profit, or gain, or loss of any sort, it cannot be injured. The plaintiff's officers have no cause of action except as they have been personally maligned. *Swan* v. *Tappan*, 5 Cush. 104, 108, 109. But the good name of the plaintiff, if the ends for which it was incorporated are to be accomplished, is incidental to its very existence. Its prosperity depends as the auditor in substance has found upon an unsullied reputation, which would be greatly affected, if not wholly ruined, by false and malicious statements charging it with violation of law and with vile and reprehensible conduct in the management of its affairs. If not in any sense a money making concern, the plaintiff, a citizen of this commonwealth, is promoting an enterprise, or engaged in an occupation recognized, fostered, and protected by our laws. *Producers' Bank* v. *Farnum*, 5 Allen, 10. And unless the present action can be maintained, the wrong practised upon it, and the injury sustained, cannot be redressed; it is remediless. We are accordingly of opinion, that the plaintiff even if insensible to mental suffering and distress as ordinarily understood, is entitled to general damages, the amount of which assessed by the judge is not as matter of law shown to be erroneous."

In *Chinese Empire Reform Association* v. *Chinese Daily Newspaper Publishing Co.* (13 B. C. 141) the Supreme Court of British Columbia said: " In my opinion no such differentiation is drawn in those cases between trading and non-trading corporations. A non-trading corporation has the right to acquire property which may be the source of income or revenue. And the transaction of the business incidental thereto creates a reputation, rights and interests, in no essential respects different from that of an individual or a trading corporation. They may be enhanced or destroyed. Counsel for the defense would have the principle enunciated in those cases confined to instances where the corporation was injured in the way of its business or trade, using the words synonymously. But I do not read into those learned judgments that limitation. * * * Non-trading corporations have their affairs, their business, their interests respecting property which must have the same protection and immunities and the same remedies in case of injury thereto as a trading corporation. * * * "

The aims, purposes and business of benevolent, charitable, religious, hospital and similar corporations are as worthy as those of corporations organized for profit. They have credit and property and can suffer pecuniary loss. I can see no reason why the law should protect business corporations from libel and not protect charitable or similar corporations, and I am of opinion that no such distinction exists in the law of this State.

As to the second contention of the defendants, it is apparent that the articles complained of are a direct attack on the business methods of the plaintiff; that they are defamatory and injuriously and directly affect its credit in the management of its business, necessarily causing pecuniary loss, and are, therefore, libelous *per se.*

Defendants' third contention is based upon the fact that the articles are written about a bill introduced in the Assembly to repeal the act incorporating plaintiff. This is not a report of any speech on the floor of the Assembly nor is it a criticism in good faith of the management of the plaintiff, even if it is assumed that plaintiff is a part of the police system either of the city or of the State. The whole intent of the article is defamatory and the statement is made several times that the society engineers cases in order to receive fifty per cent of the fines. The purport of the article is that the plaintiff engineers or brings about the commission of crime in order to profit financially from the fines imposed. There is no question of privilege involved and this contention of the defendants is without merit.

The motion to dismiss the complaint is accordingly denied, with ten dollars costs.