THE NEW YORK SOCIETY FOR THE SUPPRESSION OF VICE, Plaintiff, v. MACFADDEN PUBLICATIONS, INC., and Another, Defendants.

Supreme Court, New York County, January 17, 1929.

*Griggs, Baldwin & Baldwin* [*Martin Conboy* and *David Asch* of counsel], for the plaintiff.

*Joseph Schultz*, for the defendants.

LEVY, J. The action is in libel. The complaint has been sustained by the Appellate Division. I am, therefore, bound by the decision of the Special Term, affirmed on appeal, that " The whole intent of the article is defamatory and the statement is made several times that the society engineers cases in order to receive fifty per cent of the fines. The purport of the article is that the plaintiff engineers or brings about the commission of crime in order to profit financially from the fines imposed." (*N. Y. Soc. for Suppression of Vice* v. *MacFadden Pub., Inc.*, 129 Misc. 408, 415; affd., 222 App. Div. 739.)

The first affirmative defense sought to be stricken out is a plea in justification. It is alleged that defendants mistakenly believed that the fines were retained by plaintiff, though by statute they were payable to other philanthropic endeavor, and that this belief was caused by a public statement issued by a member of the Assembly of this State. The defense then alleges certain facts and cites instances in support of this plea. Aside from the antiquity of most of the situations referred to as a justification for the charge in the present tense, the plea of justification, in my opinion, falls far short of being sufficient. Bearing in mind the gravamen of the charge, and the law of the case as established by the Appellate Division, the defendants must justify the charge that plaintiff " engineers or brings about the commission of crime in order to profit financially from the fines imposed." The justification must be as broad as the charge, otherwise it is insufficient in law. (*Bingham* v. *Gaynor*, 141 App. Div. 301; affd., 203 N. Y. 27; *Schieffelin* v. *Hylan*, 125 Misc. 264; 205 App. Div. 360.)

The next defense sought to be stricken out contains the same allegations as the plea in justification, but these facts are pleaded in mitigation of damages. It has been held that mitigating circumstances " are those which, while not proving the truth of the charge, do yet tend in some appreciable degree toward such proof and thus permit of an inference that defendant was not actuated by malice in his charge. They must be of such a nature as to show that defendant, though mistaken, believed the charge to be true when it was made. The mitigating facts must be connected with or bear upon the defamatory charge. * * * The circumstances must

otherwise be such as tend to disprove malice by showing that the words were spoken in the honest belief that they were true, with some reason for such belief and without actual malice or evil design." (*Mattice* v. *Wilcox*, 147 N. Y. 624, 634.) Moreover, the mitigating circumstances must have been known to defendants at the time of publication, and induced a belief of its truth. (37 C. J. 120.) Even with the rule of law in mind that such pleadings are to be liberally construed, the defense here under consideration is clearly insufficient. Mere ignorance of a statute many years on the books may not be said to be an element in mitigation. Nor do the other allegations, considering the nature of the libel here involved, sufficiently disclose facts constituting a partial defense in that direction.

The next defense pleaded by way of mitigation of damages alleges that the matter in question came to defendants in regular course, from reputable news gathering agencies, that such information was received in good faith and believed to be true, and published in like good faith and without malice. No authorities are cited by plaintiff in support of its contention that these matters may not be pleaded as a partial defense in mitigation. I deem it sufficient as a partial defense and consider that it should be permitted to stand. A similar defense appears to have been ruled proper in *McDonald* v. *Press Pub. Co.* (174 App. Div. 463).

There is also attack made upon the defense that defendants made a careful investigation of the charges and as a result believed them to be true, publishing them without any malice. This defense it seems to me, is insufficient because no facts are related which are claimed to have been found or relied upon by defendants.

Finally, a still further defense set up in mitigation of damages alleges that the matter complained against constituted a fair and true statement " of a matter of public interest," and that the publication was without malice and " privileged." As to the question of privilege, this has already been decided adversely to defendants and sustained in the Appellate Division. There is, therefore, so far as the publication is concerned, no full or qualified privilege founded upon " public importance or interest," and this defense is thus insufficient.

The motion is granted to the extent indicated, with ten dollars costs and with leave to serve an amended answer upon payment of ten dollars costs within ten days. Settle order.