CHARLES LEVY, Plaintiff, *v.* MOSES L. ANNENBERG, Defendant.

Supreme Court, New York County, June 4, 1931.

*Joseph L. Greenberg,* for the plaintiff.

*Thomas E. McEntegart,* for the defendant.

HAMMER, J. The first separate defense in the amended answer, which is attacked herein, does not comply with the order under which the amended answer was served and is not in accord with the decisions of this court and the cases cited.

The libelous general charges are: "A great deal of lingelizing was being done regularly by Max Annenberg and Charlie Levy some of which has not been mentioned by the Rev. Williams;" "they made it a practice to visit roulette gambling places, and if they won, they took their winnings 100% and if they lost, they settled on the basis of 20% * * * to trim the trimmers;" "there are many, many other [episodes] which will appear from time to time." Defendant attempts to plead the truth in justification of these general charges. Each and every act referred to and relied upon as true by defendant, those mentioned as well as

those not mentioned by the Rev. Williams, the gambling places so visited, and the approximate time, place and details, and the many other episodes must be alleged with particularity in ordinary and concise language, without repetition and without reiteration of the libelous words, and not alleged by quoting statements not binding on plaintiff and merely hearsay of persons other than plaintiff. The allegations must be given with such particularity as will inform the plaintiff of what he must expect to meet upon the trial. (*Bingham* v. *Gaynor*, 203 N. Y. 28; *Schieffelin* v. *Hylan*, 205 App. Div. 360; *Vosbury* v. *Utica Daily Press*, 105 Misc. 134; *Wachter* v. *Quenzer*, 29 N. Y. 547, and cases cited in each instance.)

If defendant relies upon statements made to defendant by plaintiff, defendant may set forth, within the rule indicated, such statements alone if solely relied upon, or, if only partly relied upon in addition to other facts the same may be set forth in addition to the particularized allegations of facts, as distinguished from hearsay statements or general charges, relied upon.

Plaintiff's motion to strike out the first separate defense contained in the second amended answer of defendant is accordingly granted. Defendant may have leave, within ten days after service of a copy of the order herein with notice of entry and upon payment of said costs to serve an amended answer setting forth such separate defense as he may be advised within the rule indicated.