NORTH WOODS PAPER MILLS, LTD., Appellant, v. NATIONAL CITY BANK OF NEW YORK, Respondent.— In an action to recover moneys claimed to be due under a letter of credit, plaintiff appeals from an order granting defendant's motion for summary judgment and from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. The affidavits in opposition to the motion failed to state facts to support the cause of action alleged in the complaint or any other cause of action. On presenting the third draft, appellant failed to submit the documents provided for by the credit. There was no waiver by respondent of the necessity to submit the documents. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BUCHANAN BOULWARE, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, convicting him of violating section 1053-a of the Penal Law (criminal negligence in the operation of a vehicle resulting in death), and sentencing him to two and one half to five years in prison, plus a fine of $1,000, and from orders denying his motions to set aside the verdict and in arrest of judgment. Judgment affirmed. No opinion. No separate appeal lies from the sentence or from the orders denying motions to set aside the verdict and in arrest of judgment, which have been reviewed on the appeal from the judgment of conviction. Schmidt, Beldock and Murphy, JJ., concur; Adel, Acting P. J., and Wenzel, J., dissent and vote to reverse the judgment of conviction and to dismiss the indictment on the ground that the proof fails to establish, by evidence beyond a reasonable doubt, that the defendant operated his automobile in a reckless and culpably negligent manner thereby causing the collision.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE PENNER, Appellant.— Judgment of the County Court, Kings County, convicting appellant of a violation of section 1751 of the Penal Law, and imposing sentence, reversed on the law and a new trial ordered. The questions of fact have been considered by this court and reversal is not predicated thereon. It was error to admit, over defendant's objection, the testimony of the police officer that he had on a number of prior occasions, in the performance of his police duties, observed the premises wherein the crime was claimed to have been committed, which error was accentuated by the assistant district attorney's improper comment in his summation with respect to such testimony. Nolañ, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.