■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOR MALAVE, Appellant.— Judgment of the Supreme Court, Kings County, rendered December 14, 1964, affirmed (Code Crim. Pro., § 542). Beldock, P. J., Ughetta,

Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: In my opinion, it was reversible error for the trial court to dismiss the count of possessing narcotics and to submit only the count of selling narcotics to the jury. A Trial Judge must submit a lesser degree or an included crime "where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one" (*People* v. *Mussenden,* 308 N. Y. 558, 563; see, also, *People* v. *Calhoun,* 20 A D 2d 528; *People* v. *Bodie,* 22 A D 2d 978). The proof in the case at bar brings it within that rule. "Possession" is a crime "included" within "selling", and it is also a lesser degree. The defendant testified that he was an addict shortly before or at the time of his arrest; that he had another narcotics charge pending at the time of this arrest; and that he often went to the bar where the alleged sale was made, a bar which apparently was frequented by addicts. In my opinion, this evidence could have been sufficient basis for findings by the jury (a) that defendant lied when he testified that he never saw the officer before the trial; (b) that defendant had narcotics in his possession when arrested; (c) that the officer lied when he testified he had bought narcotics from defendant, and (d) that instead the officer had merely frisked defendant (perhaps improperly, on suspicion alone, because he was an addict with a pending charge against him) and had found narcotics on him while doing so. If the jury so found, it could well have acquitted defendant of selling, yet found him guilty of possessing. And, as I have hereinabove indicated, such finding would have been proper and supportable on the proof in this case (cf. *People* v. *Mussenden, supra,* at the last paragraph on p. 566). I further believe that it was reversible error for the trial court to adduce testimony from an officer as to the Narcotics Bureau's custom and practice of making several buys from a suspect before making an arrest, and then to comment that "This is the wisdom, the practice, the procedure and the custom created by the Police Department in the apprehension of those charged with crime in the narcotic field" (see *People* v. *Penner,* 283 App. Div. 731; *People* v. *Gonzalez,* 24 A D 2d 989). Finally, I believe a new trial is warranted in the interests of justice because repeated colloquies between the court and defense counsel, together with undoubtedly well-intentioned but overzealous questioning by the court, created an atmosphere in which it was difficult for the jury to appraise the proof fairly and impartially.