**VENIZELOS, S. A., Plaintiff,**

v.

**CHASE MANHATTAN BANK,
Defendant.**

**No. 67 Civ. 4907.**

United States District Court
S. D. New York.

Dec. 31, 1968.

Joseph Cardillo, Jr., New York City, for plaintiff, Thos. J. Doyle, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant, Andrew J. Connick and Ellis W. McCracken, New York City, of counsel.

## OPINION

EDELSTEIN, District Judge.

This case is before the court on cross motions for summary judgment in an action by plaintiff, Venizelos, S.A., (hereinafter Venizelos), against defendant, Chase Manhattan Bank, (hereinafter Chase), to compel defendant to pay plaintiff certain monies allegedly owing under an irrevocable letter of credit issued by the defendant. Plaintiff and defendant agree that there are no facts in dispute and the court independently concludes that there is "no genuine issue as to any material fact" involved in the controversy between the parties.

On June 10, 1965, plaintiff entered into a charter party contract with one Perfiles La Paz, S.A., which contract contemplated both the use of plaintiff's vessel, the ANASTASSIS, for the carriage of freight for five voyages and the establishment of a letter of credit.

Subsequently, on August 16, 1965, with no knowledge of the terms of the charter party contract, Chase confirmed

the letter of credit in issue in favor of Universal Shipping Company, Agents for Venizelos, for $82,830.00, covering the shipment of 9690 metric tons. Thereafter, on August 24, 1965, Universal transferred the letter to plaintiff. Stated in the letter of credit and the crux of this litigation were the words "partial shipments are not permitted."

The ANASTASSIS sailed on September 3, 1965, with a capacity load, then estimated to be 9915.7 metric tons, but in actual fact 10,015 metric tons. On the same day the letter of credit was amended to provide for the shipment of 19,300 metric tons, at a cost of $130,-625.00 (including $10,000.00 for demurrage).

Twelve days after the vessel sailed, Chase paid $61,973.21 to plaintiff on presentation of a sight draft based on the estimated tonnage of 9915.7 metric tons.

Two months later, on November 15, 1965, plaintiff caused sight drafts of $624.29 and $10,000.00 to be presented to defendant—the former for the difference between the estimated tonnage (9915.7 metric tons) and the actual tonnage (10,015 metric tons), and the latter for the demurrage fee. Chase refused to honor these drafts, asserting that plaintiff had violated the terms of the letter of credit insofar as it (plaintiff) had conveyed a partial shipment. These claims constitute plaintiff's first two causes of action.

Subsequently, plaintiff obtained an arbitration award in excess of $150,-000.00 against Perfiles, and caused a writ of execution to be levied against defendant for $68,651.79, the balance of the letter of credit. Denying that it had any attachable property of Perfiles, defendant has refused to deliver to the sheriff the amount sought. This is plaintiff's third cause of action.

## CAUSES OF ACTION 1 and 2

Plaintiff contends that it is an improper reading of the words "partial shipments are not permitted" to say that the amended letter of credit called for a single shipment of 19,300 metric tons —especially in light of the fact that the ANASTASSIS had a capacity of only 9650 metric tons and that the charter party contract clearly envisioned multiple voyages.

■ It is, however, well settled that the terms of the contract between the beneficiary of a letter of credit and a third party are irrelevant and of no importance to the terms of the letter of credit. Maurice O'Meara Co. v. Nat. Park Bank, 239 N.Y. 386, 395, 146 N.E. 636, 39 A.L.R. 747 (1925); North Woods Paper Mills v. National City Bank, Sup., 121 N.Y.S.2d 543 (Westch. Co.1953) aff'd. mem. 283 App.Div. 731, 127 N.Y.S.2d 663 (2d Dept. 1954).

■ Accordingly, the phrase "partial shipments are not permitted" must be considered without benefit of plaintiff's charter party contract or the tonnage capacity of the ANASTASSIS. Since the partial shipments language in the letter of credit is clear and unambiguous the court finds that "partial shipments are not permitted" plainly prohibits incomplete shipments. It is clear, therefore, that the plaintiff has violated the terms of the letter of credit. Thus, plaintiff may not compel defendant to make payment under the letter of credit. It is hornbook law that letters of credit must be strictly complied with. Marine Midland Grace Trust Co. of New York v. Banco Del Pais, S.A., 261 F. Supp. 884, 889 (S.D.N.Y.1966); Anglo-South American Trust Co. v. Uhe, 261 N.Y. 150, 156, 184 N.E. 741 (1933); 9 C.J.S. Banks and Banking § 178, at p. 390.

The reason for demanding strict conformity with the letter is to facilitate foreseeing the consequences of commercial ventures. Plaintiff—although here in a sympathetic position—is not a ward of the court, but rather is a business organization and should be knowledgeable of the law of commercial paper.

The plaintiff contends further that defendant, because it paid $61,973.21 on the first sight draft (for the estimated 9,915.7 metric tons transported) is estopped from denying liability on the other charges (excess freight and demurrage) because they arose from the same shipment. This contention is without merit. Defendant was under no obligation to pay the $61,973.21; it consequently cannot be estopped from denying liability on the same shipment, absent some injury to plaintiff which would make such denial work an injustice. None is suggested here.

## THE THIRD CAUSE OF ACTION

Plaintiff's attempt to compel defendant to pay over the $68,651.79 pursuant to the attachment levy against Perfiles must fail because defendant has no property of, nor debt owing, to Perfiles.

A letter of credit is in the nature of a negotiable instrument by which a person requests another to advance money to a third party and promises to repay the person making the advance. Second Nat. Bank of Toledo v. M. Samuel & Sons, Inc., 12 F.2d 963, 53 A.L.R. 49 (2d Cir.) cert. denied 273 U.S. 720, 47 S.Ct. 110, 71 L.Ed. 857 (1926).

To say that the party in whose favor the credit is established has property of the lender even though that party has never dealt with that third party nor owes a debt to it is to extend the metaphysical concept of property advanced in Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966) and relied on by plaintiff beyond the pale. *Seider* involved the obtaining of *in rem* jurisdiction over a non-resident insurance company which did not "do business" in New York. It is inapplicable to the case in hand in which defendant would at no time owe any amount to the third party, Perfiles.

Accordingly, the defendant's motion is granted and the plaintiff's denied.

So ordered.