■ SUSAN IVES, NEW YORK, LTD., Respondent, v. BASE LODGE, INC., Appellant.— Order, Supreme Court, New York County, entered on November 27, 1973, granting plaintiff's motion for summary judgment, made pursuant to CPLR 3213, and directing an assessment of damages and judgment entered thereon on May 21, 1974, unanimously modified, in the exercise of discretion, to the extent of staying execution on said judgment pending the outcome of the action commenced by defendant-appellant in Nassau County, on condition that defendant proceed expeditiously with the prosecution of the Nassau County action and on the further condition that it provide an undertaking securing payment of the judgment affirmed hereon. In all other respects the order and judgment appealed from are unanimously affirmed, without costs. The promissory note in suit arose out of a sublease transaction which is the subject matter of the Nassau County action instituted by the defendant herein. In that action this defendant, as plaintiff, alleged, as it does in the present action, that the plaintiff herein improperly refused to restore the leased premises following a fire and attempted to terminate the sublease. Such allegations, while they are inextricably intertwined with this plaintiff's present claims, are not a bar to judgment on the note, but would have appropriately constituted a counterclaim herein for a sum exceeding the amount of the judgment appealed from. Under the circumstances, execution of such judgment is stayed, as indicated above. Concur— Nunez, J. P., Kupferman, Murphy, Steuer and Capozzoli, JJ.

■ KEY APPLIANCE, INC., Respondent, v. FIRST NATIONAL CITY BANK, Appellant.— Order, Supreme Court, New York County, entered on April 3, 1974, granting plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213) and denying defendant's cross motion for similar relief, reversed, on the law, without costs and without disbursements, plaintiff's motion denied and summary judgment awarded to defendant dismissing the action. Plaintiff failed to comply with the clear and unambiguous terms of the letter of credit upon which it bases this suit against defendant bank. Said letter of credit required that plaintiff, when seeking funds thereunder, presented to defendant its sight draft, a written statement indicating nonpayment and "the relative unpaid invoice *signed by Jamaica* Refrigeration Service Corporation [the purchaser of goods from plaintiff]." (Emphasis supplied.) Plaintiff never presented signed invoices to defendant and Jamaica never waived such requirement. Under these circumstances, defendant "was wholly within its rights in refusing the draft" (*Banco Nacional Ultramarino* v. *First Nat. Bank of Boston,* 289 Fed. 169, 175). It is well settled that "letters of credit are to be strictly complied with, which means that the papers, documents and shipping descriptions must be followed as stated in the letter. There is no discretion in the bank * * * to waive any of these requirements. The terms of the letter constitute an agreement between the purchaser and the bank". (*Anglo-South Amer. Trust Co.* v. *Uhe,* 261 N. Y. 150, 156–157.) Concur— McGivern, P. J., Murphy, Tilzer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: Reason, justice and equity require that plaintiff should prevail. Defendant's refusal to honor its commitment under its letter of credit is wholly unjustified. Justice Chimera carefully and ably analyzed the facts and the applicable law and, in my opinion, reached the correct conclusion. It is unconscionable to deprive plaintiff of payment for merchandise concededly sold and delivered.