■ JOHN A. KENNY, Appellant, v. MARGARET CLEARY et al., Respondents, et al., Defendant.— In a libel and slander action, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated May 16, 1974, which (a) granted respondents' motion (i) for summary judgment as to the second cause of action and (ii) to dismiss all eight causes for legal insufficiency insofar as they are directed against respondents and (b) severed the action as to defendant Mary A. Kenny, and (2) a judgment of the same court, entered May 30, 1974, in favor of respondents. Order modified, on the law, by (1) striking from the first decretal paragraph thereof the words "in all respects", (2) inserting in said paragraph, immediately after the provision that the motion is granted as to defendants Cleary and Zimet, the following: "only to the extent of dismissing the sixth and seventh causes of action and otherwise denied" and (3) deleting the remaining decretal paragraphs and substituting therefor a provision severing the remaining causes of action. Judgment modified, on the law, by (1) inserting in the decretal paragraph thereof, immediately before the

provision that "the complaint be dismissed", the following: "the sixth and seventh causes of action of" and (2) adding thereto a provision that the remaining causes of action are severed. As so modified, judgment and order affirmed, without costs. We agree that the sixth and seventh causes of action were properly dismissed, as they concern alleged defamatory statements which were absolutely privileged because they were made during the course of a judicial proceeding and were pertinent to the subject matter of that proceeding (*Youmans* v. *Smith,* 153 N. Y. 214, 220; *Perkins* v. *Mitchell,* 31 Barb. 461, 468; *Pecue* v. *West,* 233 N. Y. 316, 321). The first through the fifth causes of action relate to alleged defamatory statements made before the commencement of that judicial proceeding and do not qualify for absolute privilege (*Youmans* v. *Smith, supra*; *Perkins* v. *Mitchell, supra*). It was therefore error to dismiss these causes of action. We note, however, that the defamatory statements alleged in the first five causes of action and in the eighth cause insofar as that cause may be read to be directed against respondents, while not falling within the protection of absolute privilege, are subject to another type of privilege. The statement in the first cause of action relates to a communication between a lawyer, and a client and was thus qualifiedly privileged (see *Lapetina* v. *Santangelo,* 124 App. Div. 519; *Klinck* v. *Colby,* 46 N. Y. 427, 433). The second through the fifth causes of action relate to oral or written statements made by a lawyer in an effort to protect the interests of his client in certain funds of a closely held corporation of which the client was a stockholder. These communications were made to other stockholders of the corporation or to their attorneys. It is an established rule that communications made by one person to another upon a subject in which both have an interest are protected by a qualified privilege (*Stillman* v. *Ford,* 22 N Y 2d 48; *Shapiro* v. *Health Ins. Plan of Greater N. Y.,* 7 N Y 2d 56; *Ashcroft* v. *Hammond,* 197 N. Y. 488; *Byam* v. *Collins,* 111 N. Y. 143). An attorney can claim the privilege to which his client is entitled (*Youmans* v. *Smith,* 153 N. Y. 214, 219, *supra*; *Andrews* v. *Gardiner,* 224 N. Y. 440). We hold that the libel set forth in the fifth cause of action was not published to Andrew Cotter, because he was not the addressee of the communication containing the allegedly defamatory matter. Since the first through fifth causes of action and that portion of the eighth cause which may be read as directed against respondents were not barred by absolute privilege, it was error to dismiss those causes. Although qualified privilege applies to those causes, a trial is required as to them, at which time plaintiff can recover only if he proves that the subject statements were false and that they were motivated by actual malice (see 1 Seelman, Law of Libel and Slander in the State of New York, par. 248A, and cases therein cited). Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.