■ LASKER-GOLDMAN CORPORATION, Respondent, v BARNARD COLLEGE, Appellant.—Order, Supreme Court, New York County, entered on May 30, 1974, and judgment pursuant thereto entered June 3, 1974, granting plaintiff-respondent partial summary judgment and denying defendant-appellant leave to amend its answer and order, Supreme Court, New York County, entered August 5, 1974, unanimously modified in the exercise of discretion as set forth below; without costs and without disbursements, and otherwise affirmed. During oral argument counsel agreed that the pending separate and independent action brought by defendant, which is predicated on the very facts which constitute the basis for the counterclaims defendant sought to interpose, should be consolidated with the action herein and that plaintiff would withdraw its opposition to consolidation to the extent that opposition is grounded on *res judicata.* Since the issues in the independent action are inseparable from the plaintiff's causes of action, execution on plaintiff's judgment will be stayed pending resolution of the defendant's causes of action on condition that defendant furnishes an undertaking securing payment of plaintiff's judgment. *(Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852; see, also, *Ives v Base Lodge,* 46 AD2d 622.) Settle order on notice. Concur—Markewich, J. P., Lupiano, Capozzoli, Nunez and Yesawich, JJ.

■ BOUNTY TRADING CORPORATION, Respondent, v S.E.K. SPORTSWEAR, LTD., Defendant, and BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered on December 3, 1974, in favor of plaintiff-respondent in this declaratory judgment action, after a nonjury trial, unanimously reversed, on the law and the facts, and vacated, and judgment granted to the defendant-appellant, declaring that plaintiff is not entitled to any funds under the letter of credit. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The single issue presented is whether plaintiff complied with an irrevocable letter of credit obtained from defendant-appellant Bank Leumi Trust Company of New York (Bank) by the latter's now defunct customer S.E.K. Sportswear, Ltd. (S.E.K.) and issued in plaintiff's favor. Under the terms of the letter of credit payment of $11,000 was to be made upon presentment of plaintiff's sight draft and a written statement that S.E.K. had not paid a promissory note it had given to plaintiff. At the same time that defendant-appellant was advised the note had not been paid, it received from plaintiff's bank, Century National Bank and Trust Company (Century), a document entitled "collection letter" containing the following instructions: "We enclose for collection item listed below. DELIVER DOCUMENTS only on PAYMENT unless otherwise instructed. DOCUMENTARY DRAFTS are not to be returned unless so ordered. WIRE NON-PAYMENT on all items $1000 or over unless otherwise instructed. Do not hold for convenience of parties." Despite allusion to an accompanying draft, none was enclosed and the collection letter should not have been considered its equivalent. The collection letter could not qualify as plaintiff's sight draft for it was not an unconditional order to pay money and it was burdened with additional instructions (Uniform Commercial Code, § 3-104). Moreover, Century's typed name was the only "signature" thereon. Since the terms and conditions of a letter of credit must be strictly adhered to, plaintiff is not entitled to the funds secured thereby. *(Anglo-South Amer. Trust Co. v Uhe,* 261 NY 150, 156–157.) Settle order on notice. Concur—Markewich, J. P., Lupiano, Capozzoli, Nunez, and Yesawich, JJ.