■ JOHN R. GORDON, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract and slander, plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County, dated January 9, 1978, as granted the branch of defendants' motion which was for summary judgment dismissing the cause of action for slander per se. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiff was terminated from his job as an insurance agent in defendant Allstate's employ. His complaint alleges that during a meeting attended by the individual defendants, the reason for his termination was announced as being "Because of your kiting." Subsequently, other agents heard that plaintiff was fired for kiting with respect to filing remittances to the company. Assuming that the word "kiting" is of a defamatory nature, we believe that defendants were qualifiedly privileged to use the term under these facts. "It is an established rule that communications made by one person to another upon a subject in which both have an interest are protected by a qualified privilege" *(Kenny v Cleary,* 47 AD2d 531, 532). In this case, the individual defendants were plaintiff's superiors who assuredly had an interest in plaintiff's job performance and the reason for his termination. In imparting this information to plaintiff's fellow insurance agents, there was a mutuality of interest in the subject matter of the statement which supports a qualified privilege (see *Kroger Co. v Young,* 210 Va 564; *Ponticelli v Mine Safety Appliance Co.,* 104 RI 549). To overcome this qualified privilege, plaintiff has attempted to show that the statements were motivated by "express malice or actual ill-will" (see *Ashcroft v Hammond,* 197 NY 488, 495; see, also, *Stukuls v State of New York,* 42 NY2d 272, 279). However, a review of plaintiff's affidavit and his testimony at his examination before trial reveal that there is an absence of any factual showing of malice. Mere conclusory allegations based upon suspicion and surmise will not defeat a motion for summary judgment (see *Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 63-64). Hopkins, J. P., Suozzi and Gulotta, JJ., concur.

Cohalan, J., concurs in part and dissents in part, with the following memorandum: Let me first note that of the four causes of action alleged in the complaint, the second (for breach of contract) was not a subject of attack in the defendants' motion for summary judgment, and thus remains viable. The fourth cause of action (for punitive damages) has been dismissed on consent, and the third (for willful and tortious interference) was dismissed at Special Term, with leave to replead. Nothing in the record indicates that plaintiff has availed himself of this permission. As to the slander (the first cause of action), the defendants by their attorney in open court, conceded that "kiting" is a crime. To say that a person has committed a crime is slanderous per se. Defendant Moore is alleged to have stated to plaintiff, in the presence of others, "Your case has gone to the zone for review and the decision was made to terminate you. Because of your kiting." I would agree that the qualified privilege would serve to justify a dismissal of the first cause of action on a motion for summary judgment (see *Kenny v Cleary,* 47

AD2d 531, 532) if the use of the offending word "kiting" had been confined to the meeting of July 3, 1975 which was attended by plaintiff and three of his superiors—Moore, Powell and Rieflin. But this would not justify the broadcasting of the word to others, as it is alleged Moore did. Moore contends that he used the term "kiting" orally only at the meeting and once in a letter to his codefendant Powell. But his colleagues, Hess and McEwen, the latter Gordon's immediate supervisor, contradicted him on this score. They say he repeated the word outside the meeting room, at which time there was no reason for him to do it. Moore counters by taking refuge in the statement that he used the euphemistic phrase "violat[ion of] company policy with respect to remitting procedures", except on the two occasions mentioned above, and that any person to whom he mentioned it was a fellow employee of the plaintiff. Both the court and the defendants rely in large part on *Shapiro v Health Ins. Plan of Greater N. Y.* (7 NY2d 56), to sustain the grant of summary judgment. But, in *Shapiro,* there was no slander per se. Shapiro was criticized for incompetence. He was not accused of a crime. In my judgment, the distinction is sufficient to allow plaintiff to attempt to prove that Moore exhibited malice in using the word "kiting" outside the meeting room. As to that meeting, he could properly claim qualified privilege. I do not think the privilege could extend beyond that under the facts of this case. Inasmuch as there is nothing in the record to show that defendants Powell and Rieflin used the work "kiting" or were party to its use except at the July 3, 1975 meeting, and no proof to show that Hess used the word at all, I would affirm the summary judgment as to them and reverse and deny summary judgment in favor of defendant Moore as to the first cause of action alleged in the complaint. As with the individuals, so with the corporate defendant. When Moore exercised his qualified privilege he was acting within the scope of his employment and enjoyed the protection of his corporate employer. But since he was not hired to issue defamatory or pejorative statements, any remarks he made—if he made them—as a private individual were not uttered within the scope of his employment; and so I would affirm the order granting summary judgment as applied to the Allstate Insurance Company.