Rosalinda **PATANE**, Plaintiff-Appellee and Cross-Appellant,

v.

The **BROADMOOR HOTEL, INC.,** Defendant-Appellant and Cross-Appellee.

and

Annette **Lewis**, Defendant and Cross-Appellee.

No. 83CA1402.

Colorado Court of Appeals, Div. I.

Sept. 5, 1985.

William H. Carnahan, Colorado Springs, for plaintiff-appellee and cross-appellant.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Michael A. Korbel, Colorado Springs, for defendants-appellants and cross-appellees.

BABCOCK, Judge.

In this action for slander, the Broadmoor Hotel (the hotel) appeals from the judgment entered against it on a jury verdict awarding plaintiff, Rosalinda Patane, compensatory and punitive damages. Plaintiff cross-appeals from the judgment notwithstanding the verdict entered by the trial court after the jury assessed compensatory damages against the hotel and defendant Annette Lewis. We affirm in part, reverse in part, and remand for a new trial.

Plaintiff was employed by the Broadmoor Hotel as a desk clerk. Incident to her duties, she was assigned a cash drawer (bank) consisting of $1,000 which she alone handled and for which she was responsible.

During the week of November 1, 1981, plaintiff was reprimanded twice for personnel violations. On November 5, 1981, she reported to a supervisor that she could not locate the key to her bank. On November 7, 1981, plaintiff's bank was audited and found to be $220 short. Plaintiff was advised of the shortage, and following her inability to provide an explanation for the missing funds, the hotel terminated her employment. In late January or early February 1982, defendants discovered that another employee had stolen the money.

Plaintiff brought suit for slander, alleging that defendants published defamatory statements to third parties. Plaintiff claimed the hotel, through a night assistant manager, caused to be published the following statement of slander per se: "Rosalinda was fired for theft of money from her bank." She also claimed that the hotel, through its employee Lewis, caused to be published the following statement of slander per quod: "There was a key missing and a shortage in her bank." The latter statement was made by Lewis to an employment counselor contacted by plaintiff in November 1981 for assistance in finding a new position. This statement was made before discovery of the real thief in late January or early February 1982. The jury

returned a verdict on plaintiff's claim of slander per se against the hotel in the sum of $2,500 compensatory and $15,000 exemplary damages. A verdict of $9,879.75 compensatory damages was returned against the hotel and Lewis on her claim of slander per quod.

On appeal, the hotel first asserts that the trial court improperly instructed the jury on the issue of qualified privilege. The trial court ruled that the privilege to publish the statements exists only among managerial personnel and does not extend to other employees. We hold that the trial court's instruction unduly limited the scope of the privilege.

■ A qualified privilege exists between persons who share a common interest in the subject matter of the alleged defamatory statement. *See Denver Public Warehouse Co. v. Holloway*, 34 Colo. 432, 83 P. 131 (1905); Restatement (Second) of Torts § 596 (1977). Where a qualified privilege is found to exist, the burden of proof is upon plaintiff to prove that the privilege was abused. *See CJI–Civ. 2d* 22:16 (1980) (Notes on Use). Abuse of privilege is normally a fact question for the jury to determine. *See Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

■ Employees of a company share a common interest in information relating to the turnover or status of personnel. *See Denver Public Warehouse Co. v. Holloway, supra.* An employer's discharge of an employee prompts an occasion to inform other employees of the reason for the change in personnel. *Gordon v. Allstate Insurance Co.*, 71 A.D.2d 850, 419 N.Y. S.2d 173 (1979); *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814 (Tex. Civ.App.1980); *Kroger Co. v. Young*, 210 Va. 564, 172 S.E.2d 720 (1970). Whether the language used is appropriate under the circumstances bears on the question of abuse of the privilege. *See Denver Public Warehouse Co. v. Holloway, supra; CJI–Civ. 2d* 22:16 (1980).

■ We conclude that the trial court erred in instructing the jury that the privilege was abused as a matter of law if the statement was communicated to those not involved in personnel actions. Because the issue of abuse of privilege is one properly to be determined by the jury, in light of the record in this case, the case must be remanded for new trial. Because the case must be retried, we address the following contentions of the hotel. It further contends that the trial court erred in admitting evidence of defendant's failure to apologize for or to retract the accusation after it discovered another employee was responsible for the theft, and in admitting evidence of "rumors or gossip" about plaintiff's dismissal. We disagree.

■ Here, in the absence of privilege, failure to apologize for or to retract the accusation of theft after it was discovered that another employee had taken the money is relevant to the issue of exemplary damages. *See* § 13–21–102, C.R.S.; CRE 401.

■ A plaintiff's damages may include not only those incurred as a result of a defendant's slanderous statements but also those which may have been incurred as a result of any repetition of the slanderous statement by third persons, provided such repetition was the natural consequence of the defendant's original publication or that the defendant expressly or impliedly authorized its repetition. *See Spears Free Clinic & Hospital for Poor Children v. Maier*, 128 Colo. 263, 261 P.2d 489 (1953); Restatement (Second) of Torts § 567(c) (1977).

■ It is undisputed in this case that there were rumors concerning plaintiff's dismissal. Indeed, defendants admitted that they assumed rumors would occur, and there is evidence of discussion among employees regarding plaintiff's termination. We conclude that this evidence is relevant to the issue of compensatory and exemplary damages. *See* CRE 401.

Defendant's remaining contentions are without merit.

On cross-appeal plaintiff asserts that the trial court erred in entering a judgment notwithstanding the verdict in favor of the hotel and Lewis. We disagree.

The employment counselor, the only person who heard the slander per quod, had plaintiff's written consent to make inquiry of her work history. Moreover, the Lewis statement was made before the discovery of the real thief. In such a case, the former employer is absolutely privileged in discussing work history, even if defamatory statements are made. *See Dominguez v. Babcock*, 696 P.2d 338 (Colo.App. 1984); Restatement (Second) of Torts § 583 (1977). Therefore, the trial court was correct in determining that the issue should not have been submitted to the jury and judgment notwithstanding the verdict was proper.

The judgment is affirmed as to the judgment notwithstanding the verdict in favor of the hotel and Lewis on the claim of slander per quod, and is reversed and remanded for a new trial on plaintiff's claim against the hotel of slander per se.

PIERCE and KELLY, JJ., concur.