■ David B. Jacobs, Appellant, v Sam Haber et al., Respondents, et al., Defendants.—In a defamation action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated January 31, 1985, which granted the motions of the defendants Sam Haber and Lynn R. D'Amico to vacate orders granting leave to enter default judgments against them on condition that they each pay $250 to the plaintiff, and permitted them to serve answers.

Order affirmed, with one bill of costs.

The plaintiff, an attorney, commenced this action against the defendants-respondents Haber and D'Amico by service of a summons and verified complaint on August 20, 1984 and August 22, 1984, respectively. By separate notices of motion, both dated September 28, 1984, the plaintiff moved for leave

to enter default judgments against these defendants for their failure to serve answers. By order dated November 2, 1984 (Harwood, J.), the motions were granted, there being no opposition, and the matter was set down for an assessment of damages. The plaintiff served the respondents Haber and D'Amico with a note of issue and a copy of the order dated November 2, 1984, with notice of entry, on November 28, 1984. By orders to show cause dated December 12 and 14, 1984, respectively, those defendants moved to vacate and set aside their defaults and for leave to serve answers. The plaintiff opposed the applications and argued, as he does on this appeal, that the affidavits of merit submitted were legally insufficient to warrant the relief requested.

It appears from the affidavits of merit submitted that the respondents may have a viable defense of qualified privilege *(see, Gordon v Allstate Ins. Co.,* 71 AD2d 850; *Kenny v Cleary,* 47 AD2d 531). This, coupled with the proffered excuse of the respondent D'Amico that she was absent from the country, and the misapprehended belief of the respondent Haber that settlement negotiations were proceeding in conjunction with negotiations on behalf of other codefendants, were sufficient bases upon which to vacate the defaults.

We therefore find that Special Term properly exercised its discretion in vacating the respondents' defaults upon the imposition of appropriate sanctions. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.