**Jerry PRICE, Plaintiff-Appellant,**

v.

**CONOCO, INC., a Delaware corporation, doing business in Colorado; Thomas Parker, as an individual and as an employee and agent for Conoco, Inc.; Jerry Hardin, as an individual and as an employee and agent of Conoco, Inc.; David Brown, as an individual and as an employee and agent of Conoco, Inc., Defendants-Appellees.**

No. 86CA1194.

Colorado Court of Appeals, Div. III.

Nov. 5, 1987.

**350**

Glenn A. Bergmann, Lakewood, for plaintiff-appellant.

Baker & Hostetler, Kathryn A. Nielson, Denver, for defendants-appellees.

BABCOCK, Judge.

In this defamation action, plaintiff, Jerry Price, appeals the entry of summary judgment in favor of defendants, Conoco, Inc., Thomas Parker, Jerry Hardin, and David Brown. We affirm.

On November 15, 1984, approximately six months after plaintiff began working as a landman for Conoco, he met with Parker, Conoco's land manager, who informed him that his work performance was unsatisfactory. Plaintiff asked Parker to give him specific examples of his unsatisfactory performance.

The next day, a written evaluation by Hardin, plaintiff's immediate supervisor, by Brown, his former supervisor, and by Parker was given to plaintiff. The cover page of the evaluation was marked confidential and was directed to plaintiff's personnel file. The evaluation delineated the areas in which plaintiff's work performance was competent and specified the areas in which he needed improvement. Under the areas in which improvement was indicated, specific examples of plaintiff's unsatisfactory work performance were set forth.

On July 25, 1985, plaintiff filed a complaint seeking damages from defendants for defamation. Defendants answered, then filed a motion for summary judgment on March 20, 1986. Finding that the evaluation contained expressions of opinion which were constitutionally protected and that the evaluation was subject to a qualified privilege, the trial court granted defendants' motion for summary judgment.

Plaintiff contends that the trial court erred in determining that the evaluation was subject to a qualified privilege. We disagree.

If the persons involved share common interests in the subject matter of an allegedly defamatory statement, a qualified privilege exists. *Dominguez v. Babcock*, 727 P.2d 362 (Colo.1986); *Patane v.*

*Broadmoor Hotel, Inc.*, 708 P.2d 473 (Colo. App.1985); Restatement (Second) of Torts § 596 (1977). Employers and employees share a common interest in information concerning the work performance and status of personnel. *See Patane v. Broadmoor Hotel, Inc., supra; Nodar v. Galbreath*, 462 So.2d 803 (Fla.1984). Thus, the trial court here correctly concluded that the evaluation was subject to a qualified privilege.

■ However, a qualified privilege will be lost if the plaintiff shows that the privilege has been abused. *Dominguez v. Babcock, supra* (actual malice); *Pittman v. Larson Distributing Co.*, 724 P.2d 1379 (Colo.App.1986) (express malice). *See Patane v. Broadmoor Hotel, Inc., supra*. Thus, if a person making a defamatory statement is actuated *primarily* for purposes other than the protection of the interest for which the privilege was given (express malice), the qualified privilege is negated. *Nodar v. Galbreath, supra; Pittman v. Larson Distributing Co., supra; CJI-Civ.2d* 22:16(2) (1980). The question whether express malice exists is normally a question of fact; however, the court may determine the question as a matter of law if the defamatory language, together with the admitted facts, is such that it must have been used honestly and in good faith by the defendant. *See Denver Public Warehouse Co. v. Holloway*, 34 Colo. 432, 83 P. 131 (1905); *Pittman v. Larson Distributing Co., supra*.

■ Our review of the pleadings, affidavits, and depositions discloses that no genuine issue as to express malice exists here. *See Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972). In his deposition, plaintiff admitted that he had requested specific examples of his unsatisfactory work performance, that Brown and Hardin did not intend to hurt him, that his employer had the right to evaluate his work performance, and that his supervisors were responsible for evaluating his work performance and for informing him of the results of their evaluation.

Even if we take as true plaintiff's factual allegations, the admitted facts, considered in connection with the evaluation, show that the question of express malice was not subject to reasonable dispute and that the evaluation primarily served to protect the interest for which the privilege was given. *See CJI-Civ.2d* 22:16 (1980); Restatement (Second) of Torts § 603, comment a; *Dominguez v. Babcock, supra; Nodar v. Galbreath, supra*. Thus, the trial court properly entered summary judgment in favor of defendants. *Cf. Pittman v. Larson Distributing Co., supra.*

We disagree with defendants' contention that plaintiff's appeal is frivolous. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984). Accordingly, we decline to award defendants' attorney fees under C.A.R. 38.

Having resolved this case on the privilege issue, we do not address the other issues raised by plaintiff.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.