■ MICHAEL LEVY, Appellant, v ROBERT L. RENCK, JR., et al., Respondents.—Order, Supreme Court, New York County (Louis Grossman, J.), entered December 4, 1986, which granted defendants' motion for partial summary judgment on their third counterclaim, and denied plaintiff's cross motion for partial summary judgment on the first, second and fourth causes of action of the complaint, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of staying execution of partial summary judgment, and, except as thus modified, otherwise affirmed, without costs.

In May 1983, Mr. Michael Levy (Mr. Levy), a financial analyst with Oppenheimer & Co., entered into an agreement with Mr. Robert L. Renck, Jr. (Mr. Renck, Jr.), R. L. Renck & Co., an Illinois limited partnership, and R. L. Renck & Co., Inc., which is an Illinois corporation.

The terms of the subject agreement, which was dated and executed May 6, 1983, in substance, provided that Mr. Levy would become comanaging partner with Mr. Renck, Jr. of the limited partnership; the name of the limited partnership would be changed from R. L. Renck & Co. to Renck, Levy & Co.; Mr. Levy would receive the same compensation as Mr. Renck, Jr. (note: It is alleged that Mr. Renck, Jr.'s compensation was $150,000 per year); Mr. Renck, Jr., would have the right to involuntarily remove, with notice, Mr. Levy from office, upon Mr. Renck, Jr.'s personal payment to Mr. Levy of at least $250,000; Mr. Levy would have the right to voluntarily withdraw, with notice, from the limited partnership, and receive the amount in his working interest account; and, Mr. Levy would be required to make a $150,000 capital contribution, in the form of two demand promissory notes, which were to be executed by Mr. Levy in the amounts of $125,000 and $25,000.

Subsequently, in November 1985, Mr. Levy (plaintiff) commenced action against Mr. Renck, Jr. and Renck, Levy & Co. (defendants) for alleged breach of the agreement. Specifically, the plaintiff seeks in his first cause of action, which is only brought against defendant Mr. Renck, Jr., $150,000 in unpaid compensation, and $12,500 in unreimbursed expenses; in the second cause of action, which is only brought against Renck, Levy & Co., the identical amount of damages sought in the first cause of action; in the third cause of action, which is only brought against Mr. Renck, Jr., $250,000, based upon plaintiff's involuntary withdrawal from the limited partnership and, in the fourth cause of action, which is brought against all of the defendants, an accounting concerning plaintiff's working interest account. Defendants' answer, in substance, denies they breached the agreement, and also contains certain counterclaims.

Thereafter, defendants moved for partial summary judgment upon the third counterclaim, which is predicated upon the demand promissory note, mentioned *supra,* executed by plaintiff in the amount of $125,000, with interest. In response, plaintiff moved for partial summary judgment on the first, second and fourth causes of action. While the IAS court

granted defendants' motion for partial summary judgment, it denied plaintiff's cross motion for the same relief.

Since the amount of the unsettled causes of action of the complaint is in excess of the amount of the defendants' third counterclaim, we find, after reviewing the record, that failure to stay execution of partial summary judgment, pending the resolution of the unsettled claims, could result in possible financial prejudice to the plaintiff should "[plaintiff] subsequently prevail on the unsettled claims (see Siegel, New York Practice, § 285)" *(Stigwood Org. v Devon Co.,* 44 NY2d 922, 923 [1978]). Accordingly, we exercise our discretion (CPLR 3212 [e] [2]), and stay execution of partial summary judgment. Concur —Kupferman, J. P., Ross, Asch, Kassal and Ellerin, JJ.