■ ELLIOTT M. EPSTEIN et al., Respondents, v GEORGE R. RUDITZ, Appellant.—In an action to recover damages for libel, the defendant appeals from so much of an order of the

Supreme Court, Nassau County (Burstein, J.), dated December 2, 1987, as granted that branch of the plaintiffs' motion which was to dismiss the fourth, sixth, and eighth affirmative defenses asserted in the defendant's answer and denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiff's motion which was to dismiss the fourth affirmative defense asserted in the defendant's answer, and substituting therefor a provision denying that branch of the plaintiff's motion which was to dismiss the fourth affirmative defense; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On this appeal, the defendant argues, *inter alia,* that the Supreme Court erred in dismissing several of the affirmative defenses contained in his answer. Since the controversial letter authored by the defendant was not a communication made in the course of a judicial proceeding, we conclude that the Supreme Court properly dismissed the defendant's sixth affirmative defense based on absolute privilege *(see, Kenny v Cleary,* 47 AD2d 531; *cf., Toker v Pollak,* 44 NY2d 211, 219). We also affirm the Supreme Court's dismissal of the defendant's eighth affirmative defense based on "probable cause". However, insofar as the defendant has a statutory right to raise the defense of truth *(see,* Civil Rights Law § 78), we find that the Supreme Court should not have dismissed the defendant's fourth affirmative defense based on truth. Accordingly, we reinstate that affirmative defense.

The Supreme Court properly denied that branch of the plaintiff's motion which was to dismiss the defendant's fifth affirmative defense based on qualified privilege. We are of the view that material questions of fact exist in this record regarding, *inter alia,* whether the allegedly defamatory statements were made with malice or reckless indifference to the truth *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Therefore, the defendant's cross motion for summary judgment dismissing the complaint, based on the affirmative defense of qualified privilege, was properly denied.

We have reviewed the defendant's remaining contention in support of his motion for summary judgment and find it to be without merit *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 381-382, *cert denied* 434 US 969; *Kaminester v Weintraub,* 131 AD2d 440). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.