■ SOPHIA A. TUCCIARONE, Doing Business as CARRIER CIRCLE ANNEX, Respondent, v AUTOMOBILE CLUB OF SYRACUSE, INC., Appellant.—Order unanimously modified in the exercise of discretion and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff operated an automobile service station and contracted with defendant to provide towing and related services to defendant's members. Defendant agreed to reimburse plaintiff on a monthly basis. Plaintiff executed a promissory note payable to defendant based upon a loan for plaintiff's purchase of a flatbed truck. Monthly payments on the note were to be deducted by defendant from plaintiff's monthly reimbursement and all monies due became payable upon termination of the road service contract. Defendant terminated the road service contract on February 28, 1990 and refused to pay plaintiff for services

rendered in February, 1990. The balance then due on the note was $9,504.17. Plaintiff alleged in her fourth cause of action that those services performed prior to termination of the contract were duly performed and that she was entitled to $6,500. Defendant asserted counterclaims seeking the balance due on the note, $100,000 for damage to business reputation, $25,000 in punitive damages and $4,000 for conversion of equipment.

Supreme Court properly granted plaintiff partial summary judgment on the fourth cause of action. Defendant's general denial in its answer is insufficient to defeat plaintiff's motion (see, Goldstein v Edwards, 81 AD2d 752; Gordon v Allstate Ins. Co., 71 AD2d 850). Although defendant alleged in opposition to plaintiff's motion that plaintiff's services in February, 1990 were negligently performed, it did not set out facts in evidentiary form and failed to specify a single complaint by date, location or incident to support such claim.

We modify the order, however, in the exercise of our discretion (see, CPLR 3212 [e] [2]), to stay execution of partial summary judgment pending resolution of defendant's counterclaims which seek damages in excess of the amount sought in plaintiff's fourth cause of action. Absent such stay, defendant could suffer possible financial prejudice if it prevails on the unresolved claims (see, Stigwood Organisation v Devon Co., 44 NY2d 922, 923; Levy v Renck, 137 AD2d 464, 466). (Appeal from Order of Supreme Court, Onondaga County, Miller, J.— Summary Judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.