■ MIKE MICHAELSON ASSOCIATES, INC., Plaintiff and Counterclaim Defendant-Appellant, v ALLEN SOIFER et al., Respondents. LAURA MICHAELSON, Counterclaim Defendant-Appellant.—Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered February 13, 1991, which granted the motion by defendant and counterclaim plaintiff Allen Soifer for partial summary judgment on his second counterclaim, in the amount of $50,000 plus interest, unanimously modified, on the law, the facts and in the exercise of discretion, without costs, to the extent of staying execution on that judgment pending the outcome of plaintiff's action, on condition that such action is prosecuted expeditiously, and as so modified, affirmed.

The complaint in this action alleges that Allen Soifer joined the plaintiff Mike Michaelson Associates, Inc. ("MMA"), which was allegedly the largest resident fur buying company in the United States, upon the understanding and written agreement, dated November 8, 1988, that he would have an option to buy a 25% interest in the company, for which option Soifer paid $50,000. Mike Michaelson suffered a heart attack on March 5, 1989, and he died as a result thereof on March 24, 1989. The complaint further alleges that rather than exercising his option, Soifer established his own competing business while still employed by MMA; and that he diverted MMA's accounts, misappropriated $2 million of pending orders, and then together with MMA's other employees, also named as defendants, left MMA, leaving behind nothing but an empty shell. The complaint sought over $2 million in compensatory and punitive damages.

Soifer and the other defendants sharply disputed these allegations, claiming as here pertinent that MMA induced Soifer to extend a $50,000 interest-free loan to MMA by submitting false financial statements indicating that it was in good financial condition, whereas in fact MMA and the Michaelsons' related retail businesses were losing substantial sums of money, and were unable to pay their debts to MMA and other creditors. Defendants further alleged that MMA had diverted $600,000 from its bank credit line and hundreds

of thousands of dollars from its pension funds in order to keep the other businesses owned by Mike Michaelson and his wife Laura Michaelson solvent, and that Mike Michaelson had diverted MMA commissions for his own personal use. Finally, the defendants alleged: "As the facts of M.M.A.'s financial irregularities became public knowledge within the fur industry and were reported in the leading industry newsletter, M.M.A.'s former customers, vendors and manufacturers refused to do any further business with M.M.A. Virtually every employee at M.M.A., including all its experienced buyers, left M.M.A. because it was no longer a viable company. Defendants Soifer, Baron and Bloch separately left M.M.A. during the later part of May 1989, and thereafter agreed to use their combined 83 years of experience in the fur industry and their collective resources to form an independent business."

As pertinent to this appeal, Soifer pleaded a counterclaim (the second counterclaim) alleging that MMA and Laura Michaelson breached their obligations to Soifer under the November 8, 1988 letter of intent, and were thereby jointly and severally liable to Soifer in the amount of $50,000 plus interest. The IAS court granted Soifer's motion for partial summary judgment on his second counterclaim, and this appeal followed.

The letter of intent sent by MMA to Soifer was executed by the parties, and reads as follows: "This will confirm that you have this date loaned to Mike Michaelson Associates, Inc. ('Michaelson') fifty thousand dollars ($50,000.00), the receipt of which is hereby acknowledged, and the repayment of which is personally guaranteed by Mike Michaelson and Laura Michaelson, jointly and severally, in consideration of which you shall receive an option to purchase 25 percent of the shares of common stock of Michaelson, the exercise price for which shall be 25 percent of the book value 'net worth' of Michaelson as of September 30, 1988 based upon the audited financial statements of Michaelson as of that date, subject to the terms and provisions of a written agreement more fully describing your relationship with and employment by Michaelson. Pending the execution of such agreement, the arrangement hereby memorialized may be terminated by either party effective thirty days after giving written notice of such termination, at which time repayment to you of the fifty thousand dollars ($50,000.00) shall be due and payable without further notice, presentment or demand."

We agree with the IAS court that Soifer's second counterclaim is not directly related to the complaint so as to be

"inextricably interwoven" and "inseparable" in terms of the issues raised. Accordingly, partial summary judgment was properly granted. Nevertheless, we conclude that in the circumstances presented, execution on the judgment should be stayed pending the outcome of plaintiff's action on condition that such action is prosecuted expeditiously (*Ives, N. Y. v Base Lodge,* 46 AD2d 622, *appeal dismissed* 36 NY2d 682; *Levy v Renck,* 137 AD2d 464). Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.