■ In the Matter of CONFIDENTIAL INVESTIGATION INTO R#03-103 (KINGS COUNTY GRAND JURY No. 3618/2003). M., Appellant; CHARLES J. HYNES, Respondent. [781 NYS2d 359]—

In a proceeding pursuant to CPLR 2304 to quash a grand jury subpoena, the petitioner appeals from an order of the Supreme Court, Kings County (Firetog, J.), dated May 25, 2004, which denied the application.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly denied his application to quash the grand jury subpoena. The burden of proving every element of the attorney-client privilege rests upon the party asserting it (*see People v Mitchell*, 58 NY2d 368, 373 [1983]). The appellant, as an attorney, can claim the privilege to which his client is entitled (*see Kenny v Cleary*, 47 AD2d 531 [1975]). However, the mere statement by an attorney that a person is a client does not satisfy the burden. "If such an unembellished statement, without more, could seal forever the lips of an attorney, it is difficult to conceive of a situation in which an attorney could be compelled, over his objection, to testify as to any transactions with anyone, for he could too easily refuse to answer on the strength of his own unsupported allegation that such person was a client. Thus, independent facts beyond the attorney's statements must be shown in order to demonstrate the existence of an underlying attorney-client relationship upon which a claim of privilege could be based" (*Priest v Hennessy*, 51 NY2d 62, 70 [1980]).

Here, there were insufficient facts beyond the appellant's own statements to demonstrate the existence of an underlying attorney-client relationship. Accordingly, the appellant failed to meet his burden.

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Townes, Spolzino and Skelos, JJ., concur.